## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **DAVID CALDER,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| | **Case No. 2:07-cv-387-TC-PMW** |
| **v.** | |
| **BLITZ U.S.A., INC.,** | **Chief District Judge Tena Campbell** |
| **Defendant.** | **Magistrate Judge Paul M. Warner** |

Chief District Judge Tena Campbell referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court are David Calder's ("Plaintiff") (1) two motions to require Blitz U.S.A., Inc. ("Defendant") to remove the confidential designation from certain documents[2] and (2) motion to compel responses to certain requests for production and motion for an *in camera* review of certain documents.[3]  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda.  *See* DUCivR 7-1(f).

---

[1]  *See* docket no. 17.

[2]  *See* docket nos. 80, 106.

[3]  *See* docket no. 85.

### I. Plaintiff's Motions to Require Removal of Confidential Designation

In both of these motions, Plaintiff asks the court to require Defendant to remove the confidential designation it has placed on certain documents pursuant to the stipulated confidentiality order entered in this case.[4] In the alternative, Plaintiff requests that the court review all of the documents *in camera* to determine whether the confidentiality designation is proper.

Rather than identifying each document and providing arguments in support of altering Defendant's confidentiality designation with respect to each document, Plaintiff provides only broad, sweeping arguments about the documents. Indeed, Plaintiff even admits as much by identifying only a few documents and providing arguments about those documents "[b]y way of example."[5] As exhibits to his motions, Plaintiff's counsel has included some correspondence with Defendant's counsel that contains lists of the documents at issue, along with cursory statements about why the confidential designation should be removed.[6] After providing the court with only the above-referenced examples and cursory lists, Plaintiff's counsel then indicates that he has no objection if the court would like to inspect the documents *in camera*.

For the following reasons, the court has determined that Plaintiff's motions are without merit. First, the court will not entertain such broad-based arguments to support a request to

---

[4] *See* docket no. 22.

[5] Docket no. 81 at 3; docket no. 107 at 4.

[6] *See* docket no. 82, Exhibit A; docket no. 107, Exhibit C.

either change confidentiality designations or conduct an *in camera* review. This court believes it is Plaintiff's counsel's role, not the court's, to identify each specific document at issue and provide arguments about each document to persuade the court that it is necessary to either order a change a confidentiality designation or perform an *in camera* review to determine whether a confidentiality designation should be altered. Neither the examples provided in Plaintiff's motions nor the cursory lists attached as exhibits to the motions provide the court with the necessary level of detail to make those determinations.

Second, the court is unpersuaded by Plaintiff's stated reasons for his need to alter the confidentiality designations placed on the documents at issue. Plaintiff has not provided any compelling arguments to indicate that the designations on those documents prevent him from preparing or proving his case. In addition, Plaintiff's arguments about the need for public access to discovery documents are unpersuasive to the court. The court believes this is particularly true in light of Plaintiff's counsel's indication that one of his motivations for having the confidential designations removed was to ensure that he did not violate the stipulated confidentiality order in this case when evaluating or offering opinions about other litigation against Defendant.[7]

For these reasons, Plaintiff's motions to require Defendant to remove the confidential designation it has placed on certain documents are **DENIED**.

---

[7] *See, e.g.*, docket no. 87, Exhibit A.

## II. Plaintiff's Motion to Compel and for *In Camera* Review

In this motion, Plaintiff asks the court to compel production of documents listed on Defendant's privilege log. In the alternative, Plaintiff again requests that the court review all of the documents *in camera* to determine whether the claim of privilege is proper.

As he did with the two motions discussed above, Plaintiff has failed to identify each document at issue and provide arguments in support of altering Defendant's claim of privilege with respect to each document. Instead, Plaintiff has again provided only broad, sweeping arguments about the documents in question. Plaintiff admits this shortcoming by stating that his discussion of Defendant's privilege log "is not intended to be exhaustive" and provides only "several examples."[8] Plaintiff then indicates that he has no objection if the court would like to inspect the documents *in camera*.

For one of the same reasons stated above, the court has determined that Plaintiff's motion is without merit. The court reiterates that broad-based arguments are insufficient to support a request to either nullify a claim of privilege or conduct an *in camera* review. Again, the court believes it is Plaintiff's counsel's role, not the court's, to identify each specific document and provide arguments about each document to persuade the court that it is necessary to either order removal of a claim of privilege or conduct an *in camera* review to determine whether a claim of privilege should be altered. Plaintiff has failed to fulfill that role, and this court will not take the

---

[8] Docket no. 79 at 7.

laboring oar on his counsel's behalf. Accordingly, Plaintiff's motion to compel and motion for *in camera* review are **DENIED**.

### III.  Meet-and-Confer Requirements for Future Discovery Motions

On January 27, 2010, the court granted a stipulated motion filed by the parties with respect to the discovery motions discussed above.[9]  As part of that order, the court allowed Defendant to withdraw its arguments about whether Plaintiff satisfied the meet-and-confer requirements prior to filing his discovery motions.  *See* Fed. R. Civ. P. 37(a)(1); DUCivR 37-1(a).  While the court has not based any of its rulings on Plaintiff's motions on those arguments, the court hereby notifies the parties that it will closely scrutinize any future discovery motions to determine whether there has been a meaningful effort to comply with the meet-and-confer requirements.  Further, the court will view with skepticism any efforts to circumvent compliance with those requirements, including by way of a stipulated motion.  Failure to comply with those requirements is a sufficient basis for the court to refuse to entertain any discovery motion.  *See* Fed. R. Civ. P. 37(a)(1); DUCivR 37-1(a).

\* \* \* \* \*

In summary, **IT IS HEREBY ORDERED:**

1.      Plaintiff's two motions to require Defendant to remove the confidential designation from certain documents[10] are **DENIED**.

---

[9]  *See* docket no. 95.

[10]  *See* docket nos. 80, 106.

2.      Plaintiff's motion to compel responses to certain requests for production and

motion for an *in camera* review of certain documents[11] are **DENIED**.

**IT IS SO ORDERED**.

DATED this 10th day of March, 2010.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[11]  *See* docket no. 85.