# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| DAVID CALDER, individually, and as father and guardian of HMP, a deceased minor,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BLITZ U.S.A., INC.,<br><br>　　　　　Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:07-cv-387-TC-PMW<br><br>**Chief District Judge Tena Campbell**<br><br>Magistrate Judge Paul M. Warner |

Chief District Judge Tena Campbell referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are (1) David Calder's ("Plaintiff") motion to compel;[2] (2) Plaintiff's motion for terminating sanctions against Blitz U.S.A., Inc. ("Blitz");[3] (3) Blitz's motion for leave to file a sur-reply on Plaintiff's motion for terminating sanctions;[4] and (4) Blitz's motion for leave to file certain notices under seal.[5] Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine

---

　　[1] *See* docket no. 17.

　　[2] *See* docket no. 125.

　　[3] *See* docket no. 134.

　　[4] *See* docket no. 167.

　　[5] *See* docket no. 170.

the motions on the basis of the written memoranda. *See* DUCivR 7-1(f). The court will address the motions in turn.

## I. Plaintiff's Motion to Compel

In his original motion, Plaintiff sought an order compelling Blitz to respond to Interrogatory Nos. 3, 20, and 21 from Plaintiff's First Set of Interrogatories. Subsequently, Plaintiff filed a motion to withdraw his motion with respect to Interrogatory No. 20,[6] which the court granted.[7] Consequently, Plaintiff's motion now seeks compelled responses to only Interrogatory Nos. 3 and 21.

Interrogatory No. 3 asked Blitz to

> [i]dentify each and every engineer and/or engineering firm or consultant, supplier or other entity, who has met with your company or any of its employees or representatives and discussed flammability of gas vapors or flame arresters or other detonation suppression methods for portable plastic gasoline containers or metal gasoline containers from 1981 to the present.[8]

Blitz originally responded by providing multiple general objections along with a substantive response.[9] Blitz supplemented its response by referring to its response to Plaintiff's Request for Production No. 4, which sought documents related to the same general subject matter

---

[6] *See* docket no. 141.

[7] *See* docket no. 142.

[8] Docket no. 126 at 13.

[9] *See id*.

2

covered by Interrogatory No. 3. Blitz's response to Request for Production No. 4 identified multiple documents by Bates numbers.

Interrogatory No. 21 asked Blitz to

> [i]dentify each and every non-Blitz engineer, engineering company, research facility, manufacturing company, consultant or third party entity that has met with or corresponded with your company representative(s) regarding flame arresters.[10]

Blitz responded by providing the same general objections it provided in response to Interrogatory No. 3, along with an additional objection about the use of the phrase "flame arresters."[11] After providing those objections, Blitz provided a substantive response.[12] While Blitz did identify several specific entities it had contacted, it also indicated that it had contact with unspecified "others."[13] In addition, and presumably based on its objection to the use of the phrase "flame arresters," Blitz's substantive response indicated that its response was limited to those entities it had contact with concerning "the manufacture of gasoline containers."[14]

In support of his motion to compel, Plaintiff argues that Blitz's response to Interrogatory No. 3 is inadequate because it fails to include individuals or entities that one of its corporate representatives identified during a deposition and fails to meet the requirements of rule 33(d) of

---

[10] *Id*. at 17.

[11] *See id*. at 18.

[12] *See id*.

[13] *Id*.

[14] *Id*.

the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 33(d). Plaintiff also argues that Blitz's response to Interrogatory No. 21 is inadequate because it fails to identify the "others" referenced in the response and unilaterally changes the subject matter of the interrogatory from "flame arresters" to "gasoline containers." Finally, Plaintiff argues that Blitz's general objections are without merit and asks the court to conclude that Blitz has waived certain privileges. The court will address those arguments in turn.

<u>Interrogatory No. 3</u>

Plaintiff makes a one-sentence argument that Blitz's response is inadequate because it fails to include individuals or entities that one of its corporate representatives identified during a deposition. In support of that argument, Plaintiff references Exhibit L of his supporting memorandum, which consists of two pages of deposition testimony. After reviewing those two pages, the court is unable to find any individuals or entities identified in the testimony that should have been included in response to Interrogatory No. 3.

Plaintiff also argues that Blitz's reference to its response to Request for Production No. 4 is inadequate because it fails to meet the specificity requirement of rule 33(d). *See id*. (allowing a party to specify business records as a response to an interrogatory provided that "the burden of deriving or ascertaining the answer will be substantially the same for either party" and that the party "specif[ies] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could"). Plaintiff's argument is without merit. As indicated earlier, Blitz's response to Request for

4

Production No. 4, Blitz identified multiple documents by Bates number.  Plaintiff has failed to persuade the court that such identification fails to meet the specificity requirement of rule 33(d).

Plaintiff has failed to persuade the court that Blitz's response to Interrogatory No. 3 is inadequate.  Accordingly, this portion of Plaintiff's motion is denied.

<u>Interrogatory No. 21</u>

Plaintiff argues that Blitz's response to Interrogatory No. 21 is inadequate because it fails to identify the "others" referenced in the response.  The court agrees.  To the extent that the unspecified "others" exist, Blitz should be required to specifically identify them.  *See* Fed. R. Civ. P. 33(b)(3) ("Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.").

Plaintiff also argues that Blitz's response to this interrogatory is inadequate because it unilaterally changes the subject matter of the interrogatory from "flame arresters" to "gasoline containers."  Again, the court agrees.  While the court recognizes that Blitz did lodge an objection to the use of the phrase "flame arrester" with respect to Interrogatory No. 21, the same phrase was used in Interrogatory No. 3, and Blitz did not object to its use there.

For these reasons, the court has determined that Blitz's response to Interrogatory No. 21 is inadequate.  Therefore, this portion of Plaintiff's motion is granted.  Within thirty (30) days of the date of this order, Blitz shall provide a full response to Interrogatory No. 21.  To the extent that unspecified "others" do exist, Blitz shall identify them in its updated response.  If no such "others" exist, Blitz shall provide Plaintiff with a sworn declaration to that effect.  In addition,

5

Blitz's updated response shall respond to the subject matter identified in Interrogatory No. 21 (i.e., "flame arresters").

## General Objections and Waiver of Privileges

Even though Blitz provided substantive responses to both Interrogatory Nos. 3 and 21, Plaintiff also presents arguments with respect to the general objections Blitz included in its responses to those interrogatories. The court has determined that it is unnecessary to address the merits of those arguments and objections. In the court's experience, it is commonplace for parties responding to discovery requests to include general objections along with their substantive responses as a way of avoiding possible waiver of those objections. That appears to be the case here.

Based on several of Blitz's general objections, Plaintiff also argues that this court should conclude that Blitz has waived the attorney-client privilege, as well as the protections afforded to the "facts known or opinions held by" certain of Blitz's non-testifying experts.[15] Fed. R. Civ. P. 26(b)(4)(B). Plaintiff relies on the deposition testimony of certain Blitz representatives to support his waiver argument. The court again concludes that it is unnecessary to address the merits of those arguments. The subject matter of Plaintiff's motion to compel, Interrogatory Nos. 3 and 21, merely ask Blitz to identify certain parties. Because the interrogatories do not seek any sort of communications between Blitz and its counsel, they do not implicate the attorney-client

---

[15] Although Plaintiff also makes some references to the work-product doctrine in the memorandum in support of his motion, he does not present any argument that Blitz waived the protections of that doctrine. Moreover, Plaintiff makes no reference to the work-product doctrine in his reply memorandum. Accordingly, the court will not address that issue here.

privilege. *See, e.g.*, *In re Grand Jury Supboena Duces Tecum*, 697 F.2d 277, 278 (10th Cir. 1983) (stating that the attorney-client privilege "protects confidential *communications* by a client to an attorney made in order to obtain legal assistance from the attorney in his capacity as a legal advisor" (emphasis added) (quotations and citation omitted)). In addition, because the interrogatories do not seek "facts known or opinions held by" Blitz's non-testifying experts, they do not implicate rule 26(b)(4)(B). Fed. R. Civ. P. 26(b)(4)(B).

<u>Request for Reasonable Expenses</u>

Plaintiff has requested an award of reasonable expenses incurred in connection with his motion to compel. Although the court has granted a portion of Plaintiff's motion, the court has determined that such an award is not appropriate or warranted under the circumstances. *See* Fed. R. Civ. P. 37(a)(5)(C). Accordingly, Plaintiff's request is denied.

**II. Plaintiff's Motion for Terminating Sanctions**

Before reaching the merits of this motion, the court will first address a procedural issue raised in the motion. Plaintiff seeks to have this motion consolidated with a similar motion in a case pending against Blitz in the United States District Court for the Eastern District of Texas. Plaintiff argues that rule 42 of the Federal Rules of Civil Procedure provides this court with the authority to order that the motions be consolidated. That argument is without merit. Rule 42 allows for varying degrees of consolidation of "actions before the court," Fed. R. Civ. P. 42(a), which means that both actions must be pending before the same court. *See, e.g.*, *Cummings v. Conglobal Indus., Inc.*, No. 07-CV-409-TCK-SAJ, 2008 U.S. Dist. LEXIS 17634, at *4-6 (N.D. Okla. March 6, 2008) (stating that "a cursory review of the plain language of Rule 42(a)

indicate[s] that both cases must be pending before the same court in order for consolidation to be proper" and citing to multiple sources of "relevant authority discussing Rule 42(a) [that] make[] this point clear"). Because this court does not have the authority to consolidate Plaintiff's motion with the motion pending in the case in the Eastern District of Texas, this portion of Plaintiff's motion is denied.

The court turns next to the merits of Plaintiff's motion for terminating sanctions. Plaintiff seeks entry of judgment against Blitz as a sanction for alleged spoliation of evidence and discovery abuse. Plaintiff also asserts that entry of judgment is the only appropriate sanction because lesser sanctions would not provide an adequate remedy.

> A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules. Such sanctions may include dismissing the party's case with prejudice or entering judgment against the party. But dismissal or other final disposition of a party's claim is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice.

*Reed v. Nellcor Puritan Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (quotations and citations omitted); *see also, e.g.*, *Davis v. Miller*, 571 F.3d 1058, 1061 (10th Cir. 2009) (addressing dismissal as a sanction and stating that the Tenth Circuit has "long held that dismissal of an action with prejudice is a drastic sanction that should be employed only as a last resort"). If a court determines that entry of judgment is an appropriate sanction, it must address certain factors on the record. *See, e.g.*, *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002).

8

The court has determined that it is unnecessary to address those factors in this case because Plaintiff has failed to make a sufficient factual showing that the sanction of entry of judgment against Blitz is either appropriate or warranted. The great majority of Plaintiff's memorandum in support of his motion for terminating sanctions is devoted to reciting his version of the facts to support his claims for spoliation and discovery abuse. Blitz's response to that memorandum disputes nearly every one of Plaintiff's factual allegations. Not only are Plaintiff's claims based on disputed factual issues, it is far from clear whether the evidence Plaintiff relies upon is admissible. The court has determined that those disputed factual issues and evidentiary questions will be more appropriately resolved during the trial phase of this case, not as part of a discovery-related motion for sanctions. For these reasons, Plaintiff's motion for terminating sanctions against Blitz is denied.

### III. Blitz's Motion for Leave to File Sur-Reply

After Plaintiff's motion for terminating sanctions was fully briefed, Blitz filed a motion for leave to file a sur-reply on that motion. Because it was unnecessary for the court to consider Blitz's sur-reply in reaching a ruling on Plaintiff's motion for terminating sanctions, Blitz's motion for leave to file a sur-reply has been rendered moot.

### IV. Blitz's Motion for Leave to File Notices Under Seal

In this motion, Blitz seeks an order from the court allowing it to file certain notices under seal. Blitz asserts that the notices contain "highly sensitive and confidential information

regarding Blitz, as well as detailed information regarding invocation of the Fifth Amendment privilege against self-incrimination."[16]

In his response, Plaintiff does not focus on whether Blitz should be allowed to file the notices under seal. Instead, Plaintiff focuses on whether the notices should be allowed or will be admissible in this case. Plaintiff's arguments are misplaced. As Blitz has noted in its reply, the only issue raised by its motion is whether the notices can be filed under seal. Because nothing in Blitz's motion seeks a judicial determination about the propriety or admissibility of the notices, that issue is not before the court.

For the reasons set forth the motion, and based upon good cause appearing, Blitz's motion to file notices under seal is granted.

\* \* \* \* \*

In summary, **IT IS HEREBY ORDERED:**

1. Plaintiff's motion to compel[17] is **GRANTED IN PART AND DENIED IN PART**, as detailed above. Plaintiff's request for an award of reasonable expenses incurred in connection with his motion to compel is **DENIED**.

2. Plaintiff's motion for terminating sanctions against Blitz[18] is **DENIED**.

---

[16] Docket no. 170 at 1.

[17] *See* docket no. 125.

[18] *See* docket no. 134.

3. Blitz's motion for leave to file a sur-reply on Plaintiff's motion for terminating sanctions[19] is **MOOT**.

4. Blitz's motion for leave to file notices under seal[20] is **GRANTED**.

**IT IS SO ORDERED**.

DATED this 28th day of June, 2010.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[19] *See* docket no. 167.

[20] *See* docket no. 170.