# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| DAVID CALDER, individually, and as father and guardian of HMP, a deceased minor,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BLITZ U.S.A., INC.,<br><br>　　　　Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:07-cv-387-TC-PMW<br><br>**Chief District Judge Tena Campbell**<br><br>**Magistrate Judge Paul M. Warner** |

Chief District Judge Tena Campbell referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are (1) Blitz U.S.A., Inc.'s ("Blitz") motion for additional discovery;[2] (2) David Calder's ("Plaintiff") motion for leave to designate an additional expert;[3] and (3) Plaintiff's motion for sanctions for discovery abuse.[4] The court heard oral argument on the motions on August 20, 2010.[5] Donald J. Winder appeared on behalf of Plaintiff. Shawn McGarry, Mark C. Hegarty, and Gary T. Wight appeared on behalf of Blitz.

---

[1] *See* docket no. 17.

[2] *See* docket no. 211.

[3] *See* docket no. 220.

[4] *See* docket no. 229.

[5] *See* docket no. 284.

At the beginning of the hearing, counsel for each side indicated that based on an agreement or stipulation that they had reached, Plaintiff's motion for leave to designate an additional expert had been rendered moot. Counsel also indicated that the portions of Blitz's motion for additional discovery relating to expert discovery and the clothing worn by Plaintiff and his son had been rendered moot, leaving only one issue in that motion requiring court action.

After hearing argument from counsel, the court took the remaining issues from the motions under advisement. The court has carefully considered the written memoranda submitted by the parties, as well as the arguments presented by counsel at the hearing. Now being fully advised, the court renders the following rulings on the remaining issues.

## Blitz's Motion for Additional Discovery

As the court has indicated, the only portion of this motion that requires court action is Blitz's request to reopen the depositions of Rocky Flick, Larry Chrisco, John "Cy" Elmburg, and Eric Elmburg (collectively, "Blitz Deponents"). The Blitz Deponents are current or former Blitz employees who asserted the Fifth Amendment privilege in response to certain questions during their original depositions. The Blitz Deponents have since withdrawn their assertion of the Fifth Amendment privilege, and Blitz now seeks to reopen their depositions so that they can provide substantive responses to the questions on which they previously asserted the privilege. Plaintiff opposes that request, relying on *Securities & Exchange Commission v. Merrill Scott & Associates, Ltd.*, 505 F. Supp. 2d 1193 (D. Utah 2007).

In *Merrill Scott*, the court articulated certain factors to be considered in determining whether to allow an individual to withdraw the Fifth Amendment privilege in a civil proceeding

in order to provide substantive discovery after that individual previously invoked the Fifth Amendment privilege as a response to discovery requests or deposition questions. *See id*. at 1208-09. Specifically,

> the court should examine how and when the privilege was invoked, how and when it was waived, the nature of the proceeding, and any resulting prejudice to the opposing party. Further, the court must carefully balance the interests of the party claiming protection against self-incrimination and the adversary's entitlement to equitable treatment. Because the privilege is constitutionally based, the detriment to the party asserting it should be no more than is necessary to prevent unfair and unnecessary prejudice to the other side.

*Id*. at 1209 (quotations and citations omitted).

The court turns to a consideration of those factors in this case. First, there is no indication that the Blitz Deponents improperly asserted the privilege, and Plaintiff does not argue otherwise.

Second, it appears that the Blitz Deponents provided notice of their withdrawal of the privilege to Plaintiff in a timely manner after resolution of the California Air Resources Board matter. The court recognizes Plaintiff's argument that Blitz's offers to reopen the depositions of the Blitz Deponents were untimely because those offers came well after the discovery deadline in this case had expired. However, it is not lost on the court that Plaintiff also has been conducting discovery of his own after the discovery deadline.

Third, the Blitz Deponents asserted the privilege because of allegations that Blitz had violated certain regulations of the California Air Resources Board. That proceeding is wholly

3

unrelated to Plaintiff's claims in this case, unlike the situation presented in *Merrill Scott*. *See id*. at 1205, 1210-11.

Finally, and most importantly, the court is unpersuaded that a limited reopening of the depositions of the Blitz Deponents would cause substantial prejudice to Plaintiff. While the court acknowledges that allowing the depositions to be reopened at this late date is rather unusual, it is not inconsistent with the fact that the parties are engaging in other ongoing discovery. In addition, allowing the depositions to be reopened is a ruling only on the issue of whether the information sought is discoverable, not on the issue of whether that information is admissible. In this court's view, Plaintiff's prejudice arguments seem better suited to the latter issue, which will be resolved by Chief Judge Campbell in her ruling on Plaintiff's pending motion in limine to preclude the testimony of the Blitz Deponents.[6] As a final matter, the court is entirely unpersuaded by Plaintiff's arguments about gamesmanship on the part of Blitz, particularly given the types of questions Plaintiff's counsel asked at the original depositions of the Blitz Deponents.

For these reasons, the portion of Blitz's motion for additional discovery seeking to reopen the depositions of the Blitz Deponents is granted, as follows. The depositions will be reopened for the limited purpose of asking the questions on which the Blitz Deponents asserted the Fifth Amendment privilege, as well as any reasonably related follow-up questions. Given the short amount of time to the beginning of trial, the court expects counsel to conduct themselves professionally and act in good faith in scheduling the reopening of the depositions. Put another

---

[6] *See* docket no. 226.

way, assuming availability of each of the Blitz Deponents, the court will, if necessary, order each of their depositions for a date and time certain, irrespective of convenience to counsel, to include weekends and holidays as necessary to accommodate the September 20, 2010 trial date.

### **Plaintiff's Motion for Sanctions for Discovery Abuse**

In this motion, Plaintiff argues that Blitz should be sanctioned in this case for its "rolling production" policy. Plaintiff asserts that this issue should be considered now, rather than at trial, because Blitz's "massive abuse makes it impossible for Plaintiff to adequately meet the [c]ourt's pretrial dates."[7] Plaintiff requests that judgment be entered against Blitz as a sanction because "alternative sanctions, such as a limiting instruction, will not solve the discovery problems created by [Blitz]'s egregious conduct" and "nothing short of [entry of judgment against Blitz] would meet the goals and purposes of sanctions in this matter."[8] Notwithstanding those statements, Plaintiff's counsel indicated at the hearing that Plaintiff was, in the alternative, seeking monetary sanctions in lieu of entry of judgment against Blitz. In a supplemental memorandum in support of the motion for sanctions, Plaintiff asserts that he recently discovered documents indicating that Blitz failed to comply with a previous order from this court. Plaintiff also asserts in that supplemental memorandum that he recently discovered documents that contradict the deposition testimony of one of the Blitz Deponents, Rocky Flick.

For the following reasons, Plaintiff's motion for sanctions is denied. The issues raised in Plaintiff's motion have already been addressed and decided by the court. The issue of "rolling

---

[7] Docket no. 229 at 2.

[8] Docket no. 230 at 7-8.

5

production" was raised in Plaintiff's previous motion for sanctions.[9] On June 28, 2010, this court denied that motion.[10] On July 7, 2010, Plaintiff filed objections to that ruling with Chief Judge Campbell.[11] At a hearing held on July 29, 2010, Chief Judge Campbell overruled those objections and affirmed this court's denial of Plaintiff's previous motion for sanctions. Accordingly, the court could simply decline to revisit the issue under the law of the case doctrine. *See McIlravy v. Kerr-McGee Coal Corp.*, 204 F.3d 1031, 1034 (10th Cir. 2000) ("The law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." (quotations and citations omitted)).

Even putting that aside, Plaintiff's motion fails on its merits. Although Plaintiff claims that Blitz's "rolling production" prevents him from meeting the court's pretrial dates, the court finds it noteworthy that Plaintiff opposed Blitz's recent motion to extend the deadlines and continue trial in this case.[12] In addition, Plaintiff has failed to persuade the court that Blitz has acted wilfully or in bad faith. *See, e.g.*, *Fed. Deposit Ins. Corp. v. Daily*, 973 F.2d 1525, 1530 (10th Cir. 1992) (stating that entry of judgment as a sanction should "be imposed only when the failure to comply with discovery demands is the result of wilfullness, bad faith, or [some] fault of [the party] rather than inability to comply" (first alteration in original) (quotations and citations

---

[9] *See* docket no. 135 at 33-37.

[10] *See* docket no. 173.

[11] *See* docket no. 181.

[12] *See* docket no. 199.

omitted)). Indeed, if anything, the court views Blitz's "rolling production," albeit tardy, as a good faith effort to comply with discovery obligations.

With respect to the two issues raised in Plaintiff's supplemental memorandum, Blitz filed its own supplemental memorandum in which it responded to Plaintiff's arguments. In an order dated August 13, 2010, this court directed all parties to present any arguments that would have been included in any reply memoranda during the August 20, 2010 hearing.[13] Plaintiff did not address either of the issues during oral argument to refute Blitz's responsive arguments, leaving the court to presume that he had abandoned his arguments on those two issues. That notwithstanding, the court is satisfied with the explanations provided by Blitz in its responsive supplemental memorandum.

Finally, the court turns to Plaintiff's alternative request for monetary sanctions. As noted above, Plaintiff's motion did not raise that issue; instead, Plaintiff raised it for the first time at the August 20, 2010 hearing. Nevertheless, the court has considered that request and determined that no monetary sanctions will be imposed.

* * * * *

In summary, **IT IS HEREBY ORDERED:**

1. The portion of Blitz's motion for additional discovery[14] seeking to reopen the depositions of the Blitz Deponents is **GRANTED**, as indicated above. The remaining portions of Blitz's motion for additional discovery have been rendered **MOOT**.

---

[13] *See* docket no. 233 at 2.

[14] *See* docket no. 211.

2. Plaintiff's motion for leave to designate an additional expert[15] has been rendered **MOOT**.

3. Plaintiff's motion for sanctions for discovery abuse[16] is **DENIED**.

**IT IS SO ORDERED**.

DATED this 23rd day of August, 2010.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[15] *See* docket no. 220.

[16] *See* docket no. 229.