# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| DAVID CALDER, individually, and as father and guardian of HMP, a deceased minor,<br><br>Plaintiff,<br><br>v.<br><br>BLITZ U.S.A., INC.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:07-cv-387-TC-PMW<br><br>**Chief District Judge Tena Campbell**<br><br>Magistrate Judge Paul M. Warner |

Chief District Judge Tena Campbell referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are (1) Blitz U.S.A., Inc.'s ("Blitz") motion for the return of inadvertently produced documents;[2] (2) Blitz's motion in limine to exclude reference to inadvertently produced documents and dealings with the University of Tulsa;[3] and (3) three motions for expedited briefing on certain motions in limine.[4] Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 17.

[2] *See* docket no. 356.

[3] *See* docket no. 359.

[4] *See* docket nos. 367, 370, 376.

### I. Motion for Return of Inadvertently Produced Documents

In this motion, Blitz seeks the return of two specific documents that it claims are entitled to work-product protection and were inadvertently produced to David Calder ("Plaintiff"). The two documents at issue relate to Blitz's dealings with the University of Tulsa. In response, Plaintiff argues that the two documents are not entitled to work-product protection and requests that the court order Blitz to produce all other documents concerning Blitz's dealings with the University of Tulsa.

The court will first address the issue of work-product protection. In relevant part, rule 26 of the Federal Rules of Civil Procedure provides that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A). The party claiming work-product protection has the burden of establishing that it is applicable. *See, e.g.*, *Barclaysamerican Corp. v. Kane*, 746 F.2d 653, 656 (10th Cir. 1984).

After carefully considering the parties' arguments and the supporting materials, the court concludes that the two documents at issue are entitled to work-product protection. Blitz's arguments and the attached affidavit of Larry Chrisco have persuaded the court that the two documents, as well as the other documents concerning Blitz's dealings with the University of Tulsa, were prepared "in anticipation of litigation." Fed. R. Civ. P. 26(b)(3)(A). The court finds it noteworthy that with the exception of the two documents that Blitz inadvertently produced, it appears that all documents related to Blitz's dealings with the University of Tulsa are listed on

Blitz's privilege log and have been identified as being entitled to work-product or attorney-client privilege protection. As Blitz has noted, Plaintiff has never mounted a successful challenge to those entries on Blitz's privilege log.

The court now turns to Blitz's request for the return of the two inadvertently produced documents. In relevant part, rule 26 provides:

> If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

Fed. R. Civ. P. 26(b)(5)(B).

Blitz has already provided Plaintiff with notice that the two inadvertently produced documents are entitled to work-product protection. Blitz also requested that Plaintiff "return, sequester, or destroy" those two documents. *Id*. Plaintiff disagreed that the documents were entitled to such protection, which resulted in the motion before the court. The court has now resolved that dispute by concluding that the two inadvertently produced documents are entitled to work-product protection. Accordingly, Blitz's motion for the return of the inadvertently documents is granted. Plaintiff shall "promptly return, sequester, or destroy" those documents and any copies thereof. *Id*. Plaintiff shall also take any necessary corrective measures regarding any public filing of those documents in this case.

## II. Motion in Limine

In this motion, Blitz seeks to exclude the two inadvertently produced documents referenced above and to preclude Plaintiff from referencing those documents or Blitz's dealings with the University of Tulsa at trial. Based on the court's conclusions above, the court has determined that the two inadvertently documents should indeed be excluded. In addition, the court concludes that Plaintiff should be precluded from referencing those two documents or Blitz's dealings with the University of Tulsa at trial. Again, the court finds it notable that with the exception of the two documents that Blitz inadvertently produced, it appears that all documents related to Blitz's dealings with the University of Tulsa are listed on Blitz's privilege log, and those privilege log entries remain unchallenged by Plaintiff. While the court acknowledges and has carefully considered Plaintiff's arguments concerning waiver of protection, the court concludes that they are unpersuasive.

## III. Motions for Expedited Briefing

The parties have filed three motions for expedited briefing on certain motions in limine. Because all of the proposed dates in those motions have now passed, they have been rendered moot.

In summary, **IT IS HEREBY ORDERED:**

1. Blitz's motion for the return of inadvertently produced documents[5] is **GRANTED**. Plaintiff shall promptly return, sequester, or destroy those documents and any copies thereof. Plaintiff shall also take any necessary corrective measures regarding any public filing of those documents in this case.

2. Blitz's motion in limine to exclude reference to inadvertently produced documents and dealings with the University of Tulsa[6] is **GRANTED**.

3. The parties' three motions for expedited briefing on certain motions in limine[7] have been rendered **MOOT**.

**IT IS SO ORDERED**.

DATED this 20th day of October, 2010.

BY THE COURT:

*[signature]*

PAUL M. WARNER
United States Magistrate Judge

---

[5] *See* docket no. 356.

[6] *See* docket no. 359.

[7] *See* docket nos. 367, 370, 376.