# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| DAVID CALDER, Individually, and as Father and Guardian of BC, a Minor, and of JC, a Minor, and as Father and Guardian of HMP, a Deceased Minor, <br><br> Plaintiff, <br><br> v. <br><br> BLITZ USA, <br><br> Defendant. | **MEMORANDUM DECISION and ORDER** <br><br> Case No. 2:07-cv-00387-TC-PMW <br><br> Judge Tena Campbell |

On December 28, 2005, David Calder used a gas container manufactured by Blitz U.S.A. to start a fire in a wood-burning stove in his trailer home. The fire that resulted killed Mr. Calder's two-year-old daughter and severely burned Mr. Calder. Mr. Calder sued Blitz alleging (1) defective design (2) defective warning (3) breach of implied warranty (4) negligent misrepresentation and (5) negligence under Utah law. The gravamen of all of Mr. Calder's claims, except his defective-warning claim, was that the gas container Mr. Calder used lacked a flame arrestor, and that because the container did not have a flame arrestor, vapors from outside the container ignited and caused a flashback explosion.

Trial began on November 1, 2010. During the trial, Blitz moved for judgment as a matter of law twice, and the court denied both motions. The jury found that Mr. Calder was 30 percent at fault for the accident and that Blitz was 70 percent at fault. The jury awarded Mr. Calder damages of $6,167,943.00, reduced by 30 percent for Mr. Calder's fault. The damages included $650,000 for Mr. Calder's lost earning capacity.

Blitz now renews its motion for judgment as a matter of law under Federal Rule of Civil Procedure 50, claiming that (1) Mr. Calder failed to present evidence that Blitz's gas container is "unreasonably dangerous" under Utah law; and that (2) Mr. Calder failed to present evidence that Blitz misrepresented an important fact upon which Mr. Calder relied when he used the gas container on December 28, 2005.

Blitz alternatively moves for a new trial under Federal Rule of Civil Procedure 59, claiming that certain evidentiary rulings and the failure to give certain jury instructions were in error. Specifically, Blitz alleges that the court's rulings resulted in: "(1) the improper exclusion of material and relevant causation evidence that refuted Plaintiff's causation case and established alternative causation; (2) the admission of evidence violating the state of the art doctrine and the refusal to give a state of the art jury instruction, notwithstanding the Court's proper pretrial recognition of the state of the art standard and Blitz U.S.A.'s reliance upon it; (3) the failure to give a jury instruction on compliance with governmental and industry standards and the resultant rebuttable presumption that should have flowed to Blitz U.S.A.; and (4) the inconsistent enforcement of evidentiary rulings and improper admission of evidence regarding explosion containment systems, inadequate warning content, and other similar incidents." (Blitz's Mot. for a New Trial, Dkt. No. 486, at 1.)

In addition, Blitz seeks remittitur of the jury's award of lost earning capacity because, according to Blitz, Mr. Calder produced no evidence to support the award.

Because the court concludes that the jury's verdict was supported by the evidence, and that the court's evidentiary rulings and jury instructions were proper, the court denies Blitz's motions.

ANALYSIS

Blitz's Motion for Judgment as a Matter of Law

"Judgment as a matter of law is appropriate only when the evidence presented at trial does not permit a reasonable jury to find for the non-movant." Manzanares v. Higdon, 575 F.3d 1135, 1142 (10th Cir. 2009); see also Fed. R. Civ. P. 50. "Such a judgment is warranted only if the evidence points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion." Snyder v. City of Moab, 354 F.3d 1179, 1184 (10th Cir. 2003). The court considers the evidence in the light most favorable to the non-moving party. United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd., 210 F.3d 1207, 1227 (10th Cir. 2000) (quotation omitted).

### Unreasonably Dangerous

"Unreasonably dangerous" is defined under Utah law as follows:

> "[U]nreasonably dangerous" means that the product was dangerous to an extent beyond which would be contemplated by the ordinary and prudent buyer, consumer, or user of that product in that community considering the product's characteristics, propensities, risks, dangers, and uses together with any actual knowledge, training, or experience possessed by that particular buyer, user, or consumer.

Utah Code Ann. § 78B-6-702 (2008).

Glen Stevick, Plaintiff's engineering expert, testified that a flame arrestor would have prevented the explosion that injured Mr. Calder and killed his daughter. (Trial Tr. at 170:11-16, attached as ex. D to Plaintiff's Opp. To Blitz's Mot. for Judgment as a Matter of Law.) Dr. Stevick also testified that other manufacturers have been putting flame arrestors in consumer gas cans since the 1970's. (Trial Tr. at 165:02-18, attached as ex. C

to Plaintiff's Opp. To Blitz's Mot. for Judgment as a Matter of Law.)

Cy Elmburg, the owner and CEO of Blitz at the time the gas container that is the subject of the litigation was made, told the jury that he knew since the 1960's that people had been burned by "gasoline or gasoline vapors found with the use of gasoline containers." (Elmburg Depo. Tr. at 41:20-24, attached as ex. M to Plaintiff's Opp. To Blitz's Mot. for Judgment as a Matter of Law.)

Considering this evidence in the light most favorable to the jury verdict, the court concludes that there is ample basis in the record to support the jury's finding that the Blitz gas container was unreasonably dangerous under Utah law.

### Misrepresented an Important Fact

To find for Mr. Calder on his negligent misrepresentation claim, the jury had to find that Blitz represented to Mr. Calder an important fact that was not true. See Model Utah Jury Instructions, Second Edition, Instruction CV1802. There is sufficient evidence in the record for the jury to have found that Blitz misrepresented that its gas containers were safe, and that Mr. Calder relied on that misrepresentation when he used the gas container.

### Blitz's Motion for A New Trial

A motion for a new trial may be granted if "the district court concludes the 'claimed error substantially and adversely' affected the party's rights." Henning v. Union Pac. R. Co., 530 F.3d 1206, 1217 (10th Cir. 2008) (quoting Sanjuan v. IBP, Inc., 160 F.3d 1291, 1297 (10th Cir. 1998)). Because the court finds no error in its evidentiary rulings or in its instructions to the jury, the court denies Blitz's motion for a new trial.

4

Blitz's Motion for Remittitur

"[A] trial judge may grant a new trial or remittitur of damages when, inter alia, there are excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice, or there is an insufficiency of the evidence to justify the verdict or other decision." Smith v. Fairfax Realty, Inc., 2003 UT 41, ¶24, 82 P.3d 1064 (quotations omitted).

In Clawson v. Walgreen Drug Co., the plaintiff had testified that before the injury "he made 'pretty good' while trapping and farming and that he made enough money 'to spend and run around with and help the folks out,'" but that after the injury he could no longer work as a trapper and farmer. 162 P.2d 759, 765 (Utah 1945). The Utah Supreme Court held that "[s]ince impairment of earning capacity involves the capacity of the injured person rather than merely what he might have made following his ordinary pursuit, it was not error to permit the jury to consider impairment of earning capacity as an element of damage. This is so although it was not shown with any degree of certainty what plaintiff's earning capacity had been in the past." Id. (emphasis added).

Mr. Calder testified that before the accident he had worked at a car stereo shop (trial tr. 423:07-423:16, attached as Ex. 55 to Plaintiff's Opp. To Blitz's Mot. for a New Trial and Mot. for Remittitur), but that following the accident he "can't work on car stereos anymore." (Trial Tr. 480:18-480:20, attached as Ex. 57 to Plaintiff's Opp. To Blitz's Mot. for a New Trial and Mot. for Remittitur.) Dr. Kristi Farnsworth testified that Mr. Calder's lifetime earning capacity was reduced between 37 and 57 percent. (Trial Tr. 563:21-564:03, attached.as Ex. 59 to Plaintiff's Opp. To Blitz's Mot. for a New Trial and

5

Mot. for Remittitur.) Because the court concludes that the evidence presented provides sufficient factual support for the jury's award of lost earning capacity, the court denies Blitz's motion for remittitur.

ORDER

The court DENIES Blitz's renewed motion for judgment as a matter of law (Dkt. No. 483) and Blitz's motion for a new trial and motion for remittitur (Dkt. No. 486).

DATED this __8th__ day of February, 2011.

BY THE COURT:

*Tena Campbell*

_____
TENA CAMPBELL
United States District Judge