# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| DAVID CALDER, individually, and as father and guardian of HMP, a deceased minor, | MEMORANDUM DECISION AND ORDER |
| Plaintiff, | Case No. 2:07-cv-387-TC-PMW |
| v. | |
| BLITZ U.S.A., INC., | District Judge Tena Campbell |
| Defendant. | Magistrate Judge Paul M. Warner |

District Judge Tena Campbell referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is David Calder's ("Plaintiff") motion for judicial review of the clerk's taxation of costs.[2] Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

Plaintiff seeks costs in the following three categories that were disallowed by the Clerk of the Court: (1) video deposition costs, (2) e-discovery vendor costs, and (3) certain expert costs. The court will address each category in turn.

---

[1] *See* docket no. 495.

[2] *See* docket no. 510.

As a preliminary matter, the court notes that a "district court's power to grant costs is discretionary." *Marathon Ashland Pipe Line LLC v. Maryland Cas. Co.*, 243 F.3d 1232, 1254 (10th Cir. 2001). Accordingly, the Tenth Circuit reviews a district court's decision concerning costs "for an abuse of that discretion." *Id*.

## I. Video Deposition Costs

Plaintiff argues that he is entitled to costs for certain video depositions, in addition to the costs already awarded for stenographic transcripts of those depositions. In response, Blitz U.S.A., Inc. ("Defendant") argues that for all but one of the video depositions, Plaintiff has failed to demonstrate that they were necessarily obtained for use in this case. *See* 28 U.S.C. § 1920(2); *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1478 (10th Cir. 1997). Defendant contends that the sole exception is the video deposition of John Gillespie, which was the only video deposition that was played at trial.

The court agrees with Defendant. With the exception of the costs for the video deposition of John Gillespie, Plaintiff has failed to demonstrate that the video depositions, in addition to stenographic transcripts, were necessarily obtained for use in this case. Accordingly, this portion of Plaintiff's motion is granted in part and denied in part. The court awards Plaintiff $522.65 for the cost of John Gillespie's video deposition, but disallows the costs for the remaining video depositions.

## II. E-Discovery Vendor Costs

Plaintiff admits that there is a division of opinion as to whether his e-discovery vendor costs are recoverable as taxable costs. Under the circumstances and facts of this case, the court

has determined that the costs sought by Plaintiff relate to tasks ordinarily undertaken by attorneys or legal assistants. Consequently, the court is not persuaded that such costs are recoverable by Plaintiff in this case as taxable costs. Accordingly, this portion of Plaintiff's motion is denied.

### III. Expert Costs

Pursuant to rule 26(b)(4)(E) of the Federal Rules of Civil Procedure, Plaintiff seeks expert "costs" for the time his experts spent in preparation for various aspects of the case. *See* Fed. R. Civ. P. 26(b)(4)(E)(i) ("Unless manifest injustice would result, the court must require that the party seeking discovery . . . pay the expert a reasonable fee for time spent in responding to discovery . . . ."). In response, Defendant asserts that Plaintiff's request is procedurally improper because the type of expenses that Plaintiff seeks are not taxable as costs under the relevant rules and statutory provisions. *See, e.g.*, 28 U.S.C. §§ 1821, 1920; Fed. R. Civ. P. 54. Defendant also claims that even if Plaintiff's request were procedurally proper, it must be denied because it fails to meet the standard set forth by rule 26(b)(4)(E) and the cases interpreting that rule.

The court agrees with Defendant. The expenses sought by Plaintiff are not taxable as costs. Furthermore, Plaintiff has failed to persuade the court that the expenses sought constitute "a reasonable fee." Fed. R. Civ. P. 26(b)(4)(E). Accordingly, this portion of Plaintiff's motion is denied.

In summary, **IT IS HEREBY ORDERED** that Plaintiff's motion for judicial review of the clerk's taxation of costs[3] is **GRANTED IN PART** and **DENIED IN PART**, as follows:

1. The portion of Plaintiff's motion seeking video deposition costs is granted in part and denied in part. The court awards Plaintiff $522.65 for the cost of John Gillespie's video deposition, but disallows the costs for the remaining video depositions.

2. The portion of Plaintiff's motion seeking e-discovery vendor costs is denied.

3. The portion of Plaintiff's motion seeking certain expert costs is denied.

**IT IS SO ORDERED**.

DATED this 5th day of April, 2011.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[3] *See* docket no. 510.